# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARY ANNE DEVER,**

        **Plaintiff,**

**-vs-**                                                            **Case No. 6:11-cv-203-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the Complaint filed by Mary Anne Dever seeking review of the final decision of the Commissioner of Social Security denying her claim for social security benefits. Doc. No. 1. The Commissioner answered the Complaint and filed a certified copy of the record before the Social Security Administration ("SSA"). Doc. Nos. 14, 15. Pursuant to the consent of the parties, this matter has been referred to the undersigned for disposition under 28 U.S.C. § 636(c). Doc. Nos. 17-19.

### BACKGROUND AND PROCEDURAL HISTORY.

Dever was born in 1956. R. 34. She has a college education, and past relevant work in the Navy, throwing freight at a retail store, and as an administrative assistant. among other things. R. 31, 35, 36-37.

Dever suffered a head injury in 2004.  R. 30, 266, 312.  Thereafter, she had chronic headaches.  *See, e.g.,* R. 213, 219-21, 225-26, 254, 296, 299, 303, 305-06, 345, 348, 362, 384, 429, 431, 437-39, 457, 479.  She also suffered from depression and anxiety, with problems in memory and concentration.  R. 39-43, 266-67, 460, 465, 470-74.  She suffered side effects from her medication.  R. 40.

Percival H. Moraleda, M.D., who treated Dever at the Veterans Administration ("VA") from January 2005 through at least 2008, completed a form for the State of New York Workers' Compensation Board sometime on or after February 26, 2008.  Dr. Moraleda indicated on the form that Dever was totally disabled due to chronic daily headaches.  R. 482.

Thomas F. Guidera, Ph.D., a consulting psychologist determined after testing that Dever lacked "focus, concentration, effort, and persistence for every day work experience and at this time there are moderate limitations here."  R. 267.  Psychologists who reviewed Dever's records agreed that she would have problems in concentration, persistence and pace, but concluded that she "would be able to remember and carry out short and simple instructions."  R. 270; *see also* R. 282, 396, 408.  The reviewing psychologists noted that Dever "may have some difficulty sustaining attention and concentration for extended periods and completing a workday at a reasonable pace."  *Id.; accord* R. 395.

In 2006, Dever filed an application for disability benefits under the Supplemental Security Income for the Aged, Blind and Disabled Program ("SSI" or the "Act"), 42 U.S.C.

§ 1381, *et seq.*, alleging that she became disabled on December 5, 2006.  R. 107.  Her application was denied originally and on reconsideration.  At Dever's request, an Administrative Law Judge ("ALJ") held a hearing on May 5, 2009.  Dever, represented by an attorney, testified at the hearing.  R. 27-46.  No vocational expert witness testified.

After considering the evidence in the record, the ALJ found that Dever had not engaged in substantial gainful activity since December 5, 2006.  R. 15.  The ALJ concluded that Dever had post traumatic migraine headaches, depression and anxiety, which were severe impairments.  *Id.*  The ALJ found that Dever had mild limitations in activities of daily living and social functioning and moderate limitation in concentration, persistence or pace.  R. 15-16.  These impairments did not meet or equal any of the listed impairments.  R. 15.

The ALJ determined that Dever had the residual functional capacity ("RFC") to perform the full range of medium work except that she would be limited to performing only simple, repetitive and routine tasks.  R. 17.  In reaching this conclusion, the ALJ found that Dever's statements were not entirely credible.  R. 18.  The ALJ gave great weight to the opinions of Dr. Guidera and A.W. Barber, M.D., both consulting professionals.  R. 24.  He did not state the weight given to the records of treating professionals at the VA, including the opinion of Dr. Moraleda that Dever was disabled due to chronic daily headaches.

The ALJ concluded that Dever could not return to any of her past relevant work.  R. 25.  The ALJ stated that Dever could perform "the full range of medium work,"  R. 25,

but he did not cite any legal or evidentiary support for this finding. Based on this finding, the ALJ relied exclusively on the Medical-Vocational Guidelines (the "Grids"), to determine that Dever was not disabled. R. 25.

Dever sought review of the ALJ's decision by the Appeals Council. On December 16, 2010, the Appeals Council issued a decision finding no basis for changing the ALJ's decision. R. 1-2.

Dever seeks review of Commissioner's final decision by this Court.

## JURISDICTION AND STANDARD OF REVIEW.

Dever having exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). A court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)(per curiam), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

## ANALYSIS.

Dever asserts that the ALJ erred by relying exclusively on the Grids at step five of the sequential evaluation, by failing to address the opinion of Dr. Moraleda, a treating physician at the VA, and by failing to state adequate reasons supported by the record for his determination that she was not entirely credible. I will address only the first issue in detail because it is dispositive.

As the ALJ found, the medical records reflect that Dever has both exertional and nonexertional limitations arising from her impairments. In this circuit, if the ALJ finds that

a claimant's nonexertional impairments do not significantly limit the claimant's basic work skills, the ALJ may rely on the Medical-Vocational Guidelines, often referred to as the Grids, at step five of the sequential evaluation.  "However, if the ALJ finds that the claimant's nonexertional impairments significantly limit the claimant's basic work skills, otherwise stated as precluding the wide range of work at a given exertional level, then exclusive reliance on the Grids is not permitted."  *Baker v. Comm'r of Soc. Sec.*, No. 6:07-cv-1138-Orl-28KRS, 2008 WL 3980986, at * 6 (M.D. Fla. Aug. 22, 2008).  An ALJ's decision that nonexertional impairments do not preclude a wide range of work at a given exertional level must be supported by substantial evidence in the record.  *Id.*

In this case, the ALJ concluded that Dever could perform the full range of medium work "*except* that she is limited to performing only simple, repetitive and routine tasks." R. 17 (emphasis added).  Despite the nonexertional limitations in the RFC, the ALJ found at step five of the sequential evaluation that Dever had "the residual functional capacity to perform the full range of medium work."  R. 25.  The ALJ cited no evidence or legal authority supporting his finding that Dever's nonexertional limitations did not preclude her from performing the full range of medium exertional work.

The Commissioner concedes that "the ALJ did not make a specific finding as to whether the nonexertional limitations were severe enough to preclude a wide range of employment at the given capacity level."  Doc. No. 27 at 23.  He argues that this omission is not error because elsewhere in the decision the ALJ found that Dever's nonexertional limitations permitted her to performing unskilled work.  *Id.* at 24 (citing R. 25).  While the Commissioner is correct that a limitation to performing simple tasks is already contained in the definition of unskilled work, a limitation to repetitive tasks is not

-5-

contained within that definition. *See Coffin v. Comm'r of Soc. Sec.*, No. 6:09-cv-2061-Orl-DAB, 2011 WL 806674, at * 8 (M.D. Fla. March 2, 2011)(citing *Vuxta v. Comm'r of Soc. Sec.*, 194 F. App'x 874, 878 (11th Cir. 2006)).  Accordingly, the ALJ was required to make a finding supported by evidence that the limitation to repetitive tasks did not significantly limit the occupational base of work at the medium level of exertion before he could rely exclusively on the Grids at step five.  *Vuxta*, 194 F. App'x at 878 (unpublished opinion cited for its persuasive value).

Because the ALJ did not make the required findings, exclusive reliance on the Medical-Vocational Guidelines at step five was erroneous.  The ALJ should have called upon a vocational expert to determine whether there was available work that Dever could perform in light of her nonexertional impairments.  *Baker*, 2008 WL 3980986, at * 6.

Dever asks that the Court remand the case for an award of benefits.  An award of benefits is appropriate only when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  In this case, the Commissioner has not consulted a vocational expert to determine whether there is work available in the national economy that Dever can perform.  Therefore, the Commissioner has not yet considered all the essential evidence.  Accordingly, remand for further proceedings is required.

On remand, the Commissioner should require the ALJ to state the weight given to each of the opinions in the record.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).  The ALJ should also address the exertional and nonexertional limitations arising from all of Dever's impairments, including complaints of side effects of

medication. If the ALJ again determines that Dever cannot perform any of her past relevant work and she has nonexertional limitations, testimony of a vocational expert is preferred to determine whether there is other work available that Dever can perform. *See, e.g., Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

## CONCLUSION.

For the reasons set forth herein, it is **ORDERED** that the decision of the Commissioner is **REVERSED** pursuant to sentence four of § 405(g) and the case is **REMANDED** to the Commissioner for further proceedings. The Clerk of Court is directed to issue a judgment consistent with this Order and, thereafter, to close the file.

**DONE** and **ORDERED** this 15th day of August, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE